UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:20-cv-01306-SDM-JSS

NANCY EDER individually
and on behalf of all others similarly situated,                **CLASS ACTION**

    *Plaintiff*,

vs.

ASPEN HOME IMPROVEMENTS INC.,                                  **JURY TRIAL DEMANDED**
a Pennsylvania Corporation,

    *Defendant*.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT CLASS CERTIFICATION AND DAMAGES RELATED DISCOVERY

Plaintiff hereby moves the Court for Leave to Conduct Class Certification and Damages Related Discovery to support Class Certification and in furtherance of an ultimate default judgment against Defendant, Aspen Home Improvements Inc. ("Aspen") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA").

By this Motion, Plaintiff seek the following relief:

1. That Leave of Court is granted to conduct Class Certification and damages related discovery from Aspen, including third-party discovery as necessary, in support of Class Certification;

2. That the Court reserve jurisdiction on the issue of damages against Aspen and to otherwise reserve ruling on a final damages determination against Aspen until the completion of discovery and a ruling on Class Certification; and

3. That Plaintiff be relieved from the current August 19, 2020 deadline to move for entry of a default final judgment against Aspen, and otherwise be permitted to seek a final default judgment against Aspen, both as to the individual Plaintiff and the putative Class, upon

completion of Class Certification and damages discovery from Aspen and the Court's ruling on Class Certification.

**INTRODUCTION**

1. The purpose of this motion is to allow Plaintiff sufficient time to conduct Class Certification and damages related discovery from Aspen and relevant third parties before Plaintiff move's for class certification and entry of a final default judgment against Aspen. Plaintiff intends to seek a final default judgment against Aspen, both as to the individual Plaintiff and the putative Class, upon completion of such Class Certification and damages discovery.

2. On June 8, 2020, Plaintiff filed her original Class Action Complaint against Aspen to start this action. Plaintiff alleges that Defendant sent unsolicited telemarketing calls utilizing an artificial or prerecorded voice to Plaintiff and Class members in violation of the TCPA.

3. The Complaint was properly served upon Defendant on June 12, 2020. [DE 6].

4. Pursuant to Fed. R. Civ. P. 12(a), Defendant was required to serve a responsive pleading on or before July 3, 2020.

5. On July 7, 2020, and after numerous attempts to contact Aspen, Plaintiff moved for the of default by the Clerk. [DE 8].

6. On July 20, 2020, the Clerk entered a default against Aspen. [DE 9].

7. Pursuant to Local Rule 7.02(g), Plaintiff's motion for entry of default judgment is due within thirty days of the Clerk's entry of default, and is thus due on August 19, 2020.

8. Plaintiff and the putative Class were subject to Aspen's common course of conduct in violation of the TCPA. Plaintiff is in need of discovery from Aspen and relevant third parties so the Court can first make a determination on class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and then enter an appropriate default judgment against Aspen. Due to the nature of the

TCPA violation at issue here, Plaintiff believe there is a strong likelihood that Plaintiff will satisfy the requirements of Rule 23. Because the measure of damages to be ultimately awarded against Aspen by the Court will be dictated, in part, by the Court's ruling on class certification, Plaintiff seek the foregoing relief so that it can provide the Court the necessary and sufficient information to enter a final default judgment against Aspen.

## ARGUMENT

### The Court Should Grant Leave to Conduct Class Certification and Damages Discovery

9. As a threshold matter, entry of default does not alter the Court's analysis for class certification." *Whitaker v. Bennett Law*, PLLC, No. 13-CV-3145-L NLS, 2014 WL 5454398, at *3 (S.D. Cal. Oct. 27, 2014). Certification under Rule 23 remains a necessary procedural requirement for the class to recover damages. The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir.2003) (citing *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir.1974)). As such, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Romney*, 490 F.2d at 1366.

10. In cases in which the District Court enters a default judgment against a defendant and where no class has been certified, the Court's authority is limited to entering a default judgment in favor of the individual named Plaintiff only. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006).

11. However, in such cases, courts have repeatedly granted representative Plaintiff's leave to conduct discovery in support of Class Certification and in furtherance of an ultimate default judgment. *See Trull v. Plaza Assocs.*, 1998 U.S. Dist. LEXIS 14195 (N.D. Ill. Sept. 1, 1998), *See also; Turner v. Coyote's on the Boulevard, Inc.*, Case No. 08-61072-CIV-MARRA (S.D. Fla. June 12, 2009); and *Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L NLS, 2014

3

WL 5454398 (S.D. Cal. Oct. 27, 2014).

12. In the instant action, the putative Class consists of members who were unlawfully targeted by Aspen with prerecorded telemarketing calls.

13. Before the Court can enter a default judgment in favor of the Class, it must first find that the following four requirements of Rule 23(a) have been met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the other class members; and (4) the class representatives are able to protect the interest of the class fairly and adequately. FED. R. CIV. P. 23(a).

14. Here, while elements two (2) through four (4) can largely be met based on Plaintiff' uncontested allegations, factual evidence on the numerosity element is needed for the Court, as it directly impacts both class certification and the corresponding measure of damages. Moreover, Aspen's (or the third-party vendor used by Aspen's) call logs identifying the members in the Class is also needed for notice and administrative feasibility purposes. Aspen—and possibly non-party vendors—are in possession of this information. Once the requisite information is obtained from Aspen, Plaintiff will be able to demonstrate to the Court that the class is so numerous that joinder of all members is impracticable, and that a judgment in favor of the Class is otherwise administratively feasible. *See Whitaker v. Bennett Law*, PLLC, No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014) (where the plaintiff was given leave of Court to conduct discovery or otherwise obtain support for his motion for class certification after the defendant failed to make an appearance in a TCPA action).

15. Plaintiff, upon information and belief, anticipate that the Class will consists of hundreds, if not thousands of Class Members. Because Aspen refuses to appear in this matter, Plaintiff has not been able to conduct the necessary discovery to move for entry of final judgment.

Thus, a Court ruling on class certification or default judgment is not ripe at this time.

16. The relief Plaintiff seeks is not uncommon. For example, in *Whitaker*, discussed *supra*, the Honorable Judge M. James Lorenz, under similar circumstances (in a TCPA case, after a default was entered but before a Default Judgement) granted Plaintiff leave of court to conduct discovery in support of a Motion for Class Certification. *See* Order Granting Plaintiff's Motion for Class Certification No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014).

17. Additionally, in *Turner*, discussed *supra*, the Honorable Judge Kenneth A. Marra, under similar circumstances in a Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681c(g) ("FACTA") case, granted Plaintiff leave of court to conduct discovery in support of class certification motion. *See* Order Plaintiff's Motion Leave of Court to Conduct Discovery, Reserving Jurisdiction as to the Issue of Damages and Class Certification, Case No. 08-61072-CIV-MARRA (S.D. Fla June 12, 2017), The Honorable Judge Marra permitted Plaintiff to conduct discovery in support of his proposed motion to certify a class concluding that: "Since Coyote's has refused to participate in this case ... Plaintiff cannot, without discovery, attempt to demonstrate the elements for certification of a class ... [t]he Court finds good cause supports granting Plaintiff the requested relief."

## This Court Should Reserve Jurisdiction on Damages

18. Because the Court must first rule on Class Certification to evaluate the measure of statutory damages entitled to the Class, it is appropriate for the Court to permit discovery and ultimately conduct a hearing as necessary to conduct an accounting prior to entering judgment against Aspen. *See* Fed. R. Civ. P. 55(b)(2). It would be wholly inequitable and unfairly prejudicial to Plaintiff and the class members for Aspen to escape liability and reap an unjust benefit by refusing to participate in the litigation. Such a result would be contrary to public policy and run afoul the relief and protections afforded pursuant to Rule 23.

WHEREFORE, Plaintiff requests that the Court enter an Order as follows:

1. That Leave of Court is granted to conduct Class Certification and damages related discovery from Aspen, including third-party discovery as necessary, in support of Class Certification;

2. That the Court reserve jurisdiction on the issue of damages against Aspen and to otherwise reserve ruling on a final damages determination against Aspen until the completion of discovery and a ruling on Class Certification; and

3. That Plaintiff be relieved from the current deadline to move for entry of a default final judgment against Aspen, and otherwise be permitted to seek a final default judgment against Aspen, both as to the individual Plaintiff and the putative Class, upon completion of Class Certification and damages discovery and the Court's ruling on Class Certification.

Dated August 4, 2020

Respectfully submitted,

*/s/ Ignacio J. Hiraldo*
Ignacio J. Hiraldo, Esq.
Florida Bar No. 0056031
**IJH Law**
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469

Seth M. Lehrman, Esq.
(FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

*Counsel for Plaintiff and the Class*