UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY EDER,

    Plaintiff,

v.                                                       Case No: 8:20-cv-1306-T-23JSS

ASPEN HOME IMPROVEMENTS INC.,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Conduct Class Certification Discovery ("Motion"). (Dkt. 10.) The Court held a hearing on the Motion on September 30, 2020. Upon consideration and for the reasons stated at the hearing, Plaintiff's Motion is granted.

Plaintiff brings this class action against Defendant, Aspen Home Improvements, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (Dkt. 1.) Plaintiff alleges that Defendant utilizes prerecorded telemarketing calls to market and advertise its business in violation of the TCPA. (Dkt. 1 ¶ 18.) Plaintiff seeks damages under the TCPA and declaratory and injunctive relief. (Dkt. 1 at 14.) Additionally, Plaintiff brings this action on behalf of a putative class of similarly situated persons. (*Id.* ¶ 33.) Defendant has not appeared in this action. Accordingly, Plaintiff moved for entry of default. (Dkt. 8.) The Clerk entered the default against Defendant on July 20, 2020. (Dkt. 9.)

In the instant Motion, Plaintiff seeks leave to conduct class certification and damages-related discovery from Defendant and third parties, to the extent necessary. (Dkt. 10.) Plaintiff also asks that the Court permit her to seek a final default judgment against Defendant on behalf of

herself and the class, if any, after the Court's ruling on class certification. (Dkt. 10 at 1–2.)

Plaintiff contends that the putative class consists of members who were unlawfully targeted by Defendant's prerecorded marketing calls. (Dkt. 10 at 4.) Plaintiff believes the class will have hundreds or thousands of members. (Dkt. 10 at 4.) According to Plaintiff, discovery is necessary to obtain factual evidence regarding the elements of class certification, as well as for notice and administrative purposes. (Dkt. 10 at 4.) Finally, Plaintiff maintains that she should be permitted to conduct discovery relating to damages to prevent Defendant from reaping an unjust benefit merely by refusing to participate in this litigation. (Dkt. 10 at 5.)

A plaintiff seeking to certify a class must establish the prerequisites set forth in Federal Rule of Civil Procedure 23: (1) the class is so numerous that joinder is impracticable; (2) there are common questions of law or fact to all class members; (3) the claims or defenses of the class representative are typical of the class; and (4) the class representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The prerequisites for class certification must be satisfied notwithstanding a defendant's failure to appear and defend an action. *Leo v. Classmoney.net*, No. 18-cv-80813, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019); *see also Leider v. Ralfe*, No. 1:01-cv-3137 HB FM, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003), *report and recommendation adopted in part,* No. 01 civ. 3137 (HB), 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003) (noting that declining to certify a class where a defendant has failed to appear may incentivize defendants to default if class certification seems likely).

"It would be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, due to [the defendant's] failure to participate in the case." *Leo v. Classmoney.net*, 2019 WL 238548, at *2. As such, although Defendant has failed to appear in this action, class certification-related discovery is warranted in

this matter.  Plaintiff is therefore granted leave to conduct discovery relating to the prerequisites for class certification under Federal Rule of Civil Procedure 23.  *See Yarger v. Fresh Farms, LLC*, No. 2:19-cv-2767-JAR-JPO, 2020 WL 4673229, at *9 (D. Kan. Aug. 12, 2020) (granting leave to conduct class certification discovery notwithstanding Defendant's default).

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Leave to Conduct Class Certification Discovery (Dkt. 10) is **GRANTED**.
2. Plaintiff shall complete class certification discovery by December 31, 2020.
3. Plaintiff shall file a motion for class certification, if warranted, on or before January 18, 2021.

**DONE** and **ORDERED** in Tampa, Florida, on October 2, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record